UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

:

THE IRON WORKERS LOCAL 580 INSURANCE
FUND,

:

:

:

Plaintiff,

:        25-cv-7230 (LJL)

:

-v-

:        ORDER

:

NOVARTIS PHARMACEUTICALS CORPORATION,

:

:

Defendant.

:

:

-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/10/2026
```

LEWIS J. LIMAN, United States District Judge:

Defendant Novartis Pharmaceuticals Corporation ("Defendant" or "Novartis") moves by letter brief, pursuant to Federal Rule of Civil Procedure 26, seeking a stay of discovery.  Dkt. No. 62.  The motion is granted in part and denied in part.

The standards with respect to a stay of discovery are well settled.  Upon a showing of "good cause," a court may grant a motion to stay discovery pending decision on a motion to dismiss.  *See* Fed. R. Civ. P. 16(b)(4) (providing that discovery schedule "may be modified only for good cause and with the judge's consent").  "A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act."  *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'"  *Id.* (alteration in original) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)); *see also Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021).  In determining the strength of the motion to dismiss, a court considers whether it presents "substantial grounds" for dismissal, *Hong Leong*, 297 F.R.D. at 72 (quoting *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211

(S.D.N.Y. 2013)), or the alternative formulation presented by Judge Gorenstein, whether there is a "strong showing that [the party moving for the stay] is likely to succeed on the merits," *id.* at 73 (alteration in original) (quoting *U.S. S.E.C. v. Citigroup Global Mkts., Inc.*, 673 F.3d 158, 162–63 (2d Cir. 2012)).

The first factor tips only slightly in favor of a stay. The parties agree that Plaintiffs' state law antitrust and unfair competition claims turn on a question of law—whether Novartis improperly listed its '659 Patent in the Orange Book. Dkt. No. 62 at 2–3; Dkt. No. 61 at 1. The Court has received Defendant's memorandum of law in support of its motion to dismiss and Plaintiffs' memorandum of law in opposition to the motion to dismiss. *See* Dkt. Nos. 43, 57. Each party plausibly claims that a decision of the Federal Circuit disposes of the case in its favor. At this early stage, the Court is not in a position to conclude that Defendant is likely to succeed on the merits. Nor is the Court in a position to conclude that Defendant is unlikely to succeed. The issue will require more study.

The breadth of discovery sought strongly favors at least a partial stay of discovery. This is a complex indirect purchaser nationwide class action case challenging Defendant's conduct with respect to its blockbuster drug (grossing more than $4 billion in sales in the United States in 2024 alone). Dkt. No. 1 ¶ 67. Plaintiff has made requests for 59 categories of documents going back to 2006, located not only in the United States but abroad in countries having restrictions on the sharing of documents for discovery and containing sensitive competitive information. Dkt. No. 62 at 2. Plaintiff's "streamlined" schedule would not provide for trial until September 2027. Dkt. No. 33 at 2. Defendant has plausibly stated that an aggressive schedule for fact discovery would be 12 months. *Id.* Plaintiff itself has admitted that there will be "some discovery needed from generic manufacturers concerning their readiness and ability to come to market," although

they claim that there is already information in the public domain that goes to that issue. *Id.* at 4. It is clear that full-scale discovery will impose substantial burdens on Defendant and on third parties (as well as on the Court) that may prove unnecessary if the motion to dismiss is granted.

The third factor also favors a stay of discovery. "The suit is for money damages and the motion to dismiss will be fully submitted shortly. '[T]here is no reason to believe that Plaintiff[ ] would suffer prejudice for the short period of time the Court expects will be necessary to . . . rule on the motion.'" *Cohen v. United States*, 2022 WL 2181457, at *1 (S.D.N.Y. June 16, 2022) (quoting *Cota v. Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022)). Plaintiff does not seek injunctive relief and the generic manufacturers are already in the market. There will be no injury to competition from a delay in commencing full discovery. The Court has been assured orally and in writing that litigation holds are in place.

Balancing the relevant factors, the Court concludes that discovery shall be stayed pending a decision on the motion to dismiss except that discovery shall not be stayed with respect to request numbers 8, 14, 15, 25 and 26 of Plaintiff's first request for production of documents. Dkt. No. 62-1. Defendant shall respond to those requests for production within 30 days of the date of this Order and, except to the extent that Defendant provides an objection under Federal Rule of Civil Procedure 34, shall produce documents responsive to those requests on a reasonable time to be negotiated by the parties without regard to the stay of discovery entered with respect to the other requests. The production of documents responsive to these requests is intended to give Plaintiff a head start if and when more general discovery begins. To the extent that Defendant claims that a request for production of documents subject to protective order in another case will impose a burden, the Court is not convinced that such burden—which will be borne primarily by Defendant and not by a third party, will not require extensive investigation of

3

responsive documents, and should not require production of materials from outside the United States—is sufficient to support the stay.

Plaintiff may move for an order lifting this stay upon a showing of good cause.

SO ORDERED.

Dated: February 10, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4