**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE IRON WORKERS LOCAL 580
INSURANCE FUND, individually and on
behalf of all others similarly situated,

                        Plaintiff,        Case No. 25-cv-07230 (LJL)

v.

NOVARTIS PHARMACEUTICALS
CORPORATION,
                        Defendant.

**STIPULATED PROTECTIVE ORDER**

LEWIS J. LIMAN, United States District Judge:

WHEREAS all of the parties (collectively, the "Parties," and individually, a "Party") to the

above-captioned action ("Action") request that this Court issue a protective order pursuant to

Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and

confidential material that will be exchanged pursuant to and during the course of discovery in this

case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it affords only

extends to the limited information or items that are entitled, under the applicable legal principles,

to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create

entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this Action, their representatives, agents, experts, and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      **Scope of this Protective Order.** Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this Action) that is designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only" (or "AEO"), pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. The protections conferred by this Protective Order shall extend to all copies, excerpts, summaries, or compilations or Confidential Discovery Material and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Discovery Material.

2.      **"Confidential" Defined.** The person producing any given Discovery Material, whether a Party or a non-party to this litigation ("Producing Party") may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law,

including the Health Insurance Portability and Accountability Act (HIPAA) or analogous state law, as well as personal/private information such as all information relating to an identified or (directly or indirectly) identifiable natural person ("Data Subject") originating from or processed in, inter alia, Switzerland or the European Union/European Economic Area; "personal/private information" includes, but is not limited to, the Data Subject's name, location data (such as an address or a phone number) or online identifiers (such as email or IP addresses), or will cause harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

a)    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b)    previously nondisclosed material relating to ownership or control of any non-public company;

c)    confidential business, strategy, financial, technical, and/or proprietary information or intelligence, operational data, product activity data, customer pricing, product development information, information regarding confidential business practices and plans, confidential agreements, personnel files, private customer information and data, confidential product design and development information, or other confidential research, development, or commercial information or processes, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law;

d)      to the extent that a responsive document contains (a) privileged content, (b) sensitive personal information, protected health information, private personal information, and other content protected by U.S. or Foreign statute or regulation, including but not limited to the GDPR, the FADP, and the secrecy provisions of the Swiss Criminal Code, or (c) other information required to be redacted by applicable law, the producing party may produce that document in a redacted form.  Any redactions and the reasons therefore shall be clearly indicated on the face of the document. Redacted documents shall be identified as such in the load file provided with the documentation;

e)      any information of a personal or intimate nature regarding any individual, including protected health information ("PHI") encompassed within the scope and definition set forth in 45 C.F.R. § 160.103; or

f)      any other category of information hereinafter given confidential status by the Court.

3.      **"Highly Confidential - Attorney's Eyes Only" Defined**. The Producing Party may designate as "Highly Confidential - Attorney's Eyes Only" (or "AEO") any material, or portion of such material, that the Producing Party reasonably and in good faith believes could cause a significant competitive or commercial disadvantage or financial harm to the Producing Party or its personnel, clients, or customers if shared with the Parties to this case, and that the Producing Party reasonably and in good faith believes contains trade secrets, proprietary code, customer lists, including without limitation identification data, financial or pricing data, planned or unpublished intellectual property applications, business strategy and planning documents, investor information and discussions (for potential, past, or existing investors), research and

development information, security practices and procedures, commercial agreements with third parties containing competitively sensitive information, and the negotiations concerning such agreements, or other information that may include (but is not limited to) nonpublic, highly sensitive information.

4.     **Designation of Documents.** The Parties will follow the processes for designating documents as Confidential or AEO laid out in the Order Regarding the Discovery of Electronically Stored Information and Hard Copy Documents and Federal Rule of Evidence 502(d) (hereinafter, the "ESI Order").

5.     With respect to the Confidential or AEO portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – AEO" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6.     **Designation of Deposition Transcripts.** With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or AEO either by: (a) indicating on the record during the deposition that a question calls for Confidential or AEO information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or

5

exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

7.      **Designation After Production**. If, at any time prior to the trial of this action, a Producing Party realizes that Discovery Material that any Party previously produced without limitation should be designated as Confidential or AEO, that Party may designate it as such by (a) apprising all prior recipients of the Discovery Material in writing; and (b) complying with the provisions of this Order and the ESI Order, as appropriate.

8.      **Disclosure of Confidential Discovery Material**. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to:

a)      the Parties, their insurers, and counsel to their insurers, provided such insurer or counsel to insurer executed a Non-Disclosure Agreement;

b)      counsel retained specifically for this Action, including any paralegal, clerical or other assistant employed by such counsel and assigned to this Action;

c)      outside vendors or service providers (such as copy-service providers, document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this Action, including computer service personnel performing duties in relation to a computerized litigation system;

d)    any mediator or arbitrator that the Parties engage in this Action or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form attached as Exhibit A;

e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form attached as Exhibit A;

g)    the Producing Party's current or former employees, directors, or agents, including any person designated as a Rule 30(b)(6) witness on behalf of the Producing Party;

h)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form attached as Exhibit A. Before any independent consultant or expert with expertise in the research, development, marketing, or approval of pharmaceuticals who has within the last three (3) years worked or consulted for a brand or generic pharmaceutical manufacturer regarding marketing or development of, or obtaining approval of, pharmaceutical products ("Pharmaceutical Expert or Consultant")—which specifically does not include any trial consultants, graphic or audiovisual consultants, or economic experts—is afforded access to a Producing Party's Confidential Discovery Material, the Pharmaceutical Expert or Consultant's employment

history and any prior testimony he or she has given in legal proceedings in the past four years shall be furnished to the Party or Parties whose Confidential Discovery Material may be disclosed to the Pharmaceutical Expert or Consultant along with a copy of an executed Non-Disclosure Agreement in the form annexed as an Exhibit hereto ("Pharmaceutical Expert Notice"). The Pharmaceutical Expert Notice may be provided at any time after this Order is signed by the Parties. No Confidential Discovery Material shall be disclosed to such Pharmaceutical Expert or Consultant until the expiration of a five (5) business day period commencing upon the furnishing of the Pharmaceutical Expert Notice. If, within five (5) business days of the furnishing of a Pharmaceutical Expert Notice, any Producing Party objects in writing with an explanation of the basis for the objection to the proposed disclosure, the parties shall then have two (2) additional business days after an objection is raised to use good-faith efforts to reach an agreement regarding the proposed disclosure, during which period of time disclosure of Confidential Discovery Material may not be made absent an agreement. If agreement cannot be reached, the Producing Party objecting to disclosure may apply to the Court for relief within two (2) business days after it is determined that an agreement cannot be reached or that party's objections under this section shall be deemed waived. In the event an application is made to the Court, however, the materials will continue to be treated as Confidential Discovery Material in accordance

with this Order during the time the Court considers the application and will not be disclosed to the Pharmaceutical Expert or Consultant;

i)      stenographers engaged to transcribe depositions conducted in this Action, court videographers, and similar transcription services and their support staff; and

j)      this Court or any appellate court with jurisdiction on appeal of this Action, and the court reporters and support personnel for the same.

k)      other persons agreed to in writing by the Producing Party, but such consent shall not be unreasonably withheld, or upon order of the Court and on such conditions as may be agreed or ordered.

9.      **Disclosure of Highly Confidential – Attorney's Eyes Only Discovery Material.** No person subject to this Protective Order, other than the producing Party, shall disclose any of the Discovery Material designated by a Producing Party as AEO to any person, except the following:

a.      up to two (2) in-house Counsel for the Parties to this action;

b.      the individuals identified in subparagraphs 8(b) through (e) and (g) through (k);

10.     **Non-Disclosure Agreements.** Prior to any disclosure of any Confidential Discovery Material to any person required to execute a Non-Disclosure Agreement under this Protective Order, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form attached as Exhibit A, stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain

each signed Non-Disclosure Agreement, maintain such signed Non-Disclosure Agreement, and produce it to opposing counsel upon request.

11.    **Challenging Confidential Designations.** Any Party who objects to any designation of confidentiality may at any time prior to the trial of this Action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection ("Challenge Notice"). The designating party shall respond in writing within fourteen (14) days of receiving the Challenge Notice and state with particularity the grounds for asserting that the information is entitled to the Confidential or AEO designation under this Protective Order. Counsel shall then confer in good faith to resolve the dispute. If the Parties cannot reach agreement within 14 days of the designating Party's response, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

12.    **Additional Confidentiality Designations.** Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

13.    **Notice to Third Parties Owed a Duty of Confidentiality.** A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. As soon as practicable after discovering such a confidentiality obligation, but no later than five (5) business days after such discovery, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party

10

seeks a protective order or other relief from this Court within 21 days of receipt of such notice, the Party shall produce the information responsive to the discovery request but may affix the appropriate confidentiality designation in accordance with this Protective Order.

14.     **Use of Confidential Discovery Material.** Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this Action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this Action. Nor does anything contained in  this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

15.     **Disclosure of Confidential Discovery Material in Response to a Subpoena or Other Compulsory Process**. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request will provide written notice to the producing Party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing Party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party deems it appropriate to do so.

16.     **Filing of Confidential Discovery Material**. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(H) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All Parties producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

17.     **Court Notice.** All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

18.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the itself, and not text that in no material way reveals the Confidential Discovery Material.

19.     **Standard Care for Confidential Discovery Material.** Each person who has access to Discovery Material that has been designated as Confidential or AEO shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If a Party learns that it has inadvertently disclosed Confidential Discovery Material in any way not authorized by

12

this Protective Order, that Party shall: (i) notify the designating party in writing of the unauthorized disclosure; (ii) use its best efforts to retrieve all copies of the materials containing the Confidential Discovery Material; and (iii) inform the person or persons to whom unauthorized disclosure was made, to the extent the person or persons are identifiable, of the terms of this Protective Order and have the person or persons execute a declaration in the form attached hereto as Exhibit A.

20.     **Protection of PII and PHI.** Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) or PHI exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII or PHI experiences a data breach, she, he, or it shall immediately notify the producing Party of the same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Parties from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII or PHI from unauthorized disclosure.

21.     **Duration of this Protective Order.** This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this Action, all Confidential Discovery Material designated as "Confidential" or "AEO" and all copies thereof, shall be promptly returned to the producing person or destroyed. Any Party may maintain materials that contain, reflect, incorporate, attach, or reference attorney work product without violating this Protective Order. The Parties to this Action may also retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and email), any other papers filed with the Court (including exhibits), deposition transcripts, and the trial record (including exhibits), even if such materials contain Confidential Discovery Material.

The terms of this Protective Order will continue to govern any such retained materials. The destruction requirements in this paragraph shall not apply to Materials containing Confidential Discovery Material that: (a) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (b) are located in the email archive system or archived electronic files of departed employees; or (c) are subject to legal hold obligations.

22.    **Violations.** All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED**

Dated: ___March 17, 2026___

Honorable Lewis J. Liman
United States District Judge

Dated: January 29, 2026

/s/ *David Marriott*
David Marriott
Arlene Lee Chow
Nicolas C. Corti (pro hac vice)
Joelle Hageboutros (pro hac vice)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
david.marriott@lw.com
arlene.chow@lw.com
nicolas.corti@lw.com
joelle.hageboutros@lw.com

/s/ *Joseph H. Meltzer*[1]
Joseph H. Meltzer
Terence S. Ziegler (pro hac vice)
Jonathan F. Neumann
Lisa M. Port (pro hac vice)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 631-2000
jmeltzer@ktmc.com
tziegler@ktmc.com
jneumann@ktmc.com

---

[1] Pursuant to SDNY Electronic Case Filing Rule 8.5, all parties whose electronic signatures are included herein have consented to the filing of this document.

14

Marc N. Zubick
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
marc.zubick@lw.com

Marguerite M. Sullivan (pro hac vice)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
marguerite.sullivan@lw.com

Amy E. Speros (pro hac vice)
**LATHAM & WATKINS LLP**
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
amy.speros@lw.com

*Counsel for Defendant Novartis*
*Pharmaceuticals Corporation*

llambport@ktmc.com

Thomas M. Sobol (pro hac vice)
Greg Arnold (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
One Faneuil Hall Square, 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
grega@hbsslaw.com

Dena C. Sharp (pro hac vice)
Scott Grzenczyk (pro hac vice)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dsharp@girardsharp.com
scottg@girardsharp.com

James E. Cecchi
Donald A. Ecklund
Kevin Cooper
**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, PC**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
decklund@carellabyrne.com
kcooper@carellabyrne.com

*Counsel for Plaintiff The Iron Workers Local 580*
*Insurance Fund and the Proposed Class*

15

**EXHIBIT A**

**DECLARATION UNDER PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIAL**

I,_____ , am employed

by _____ . I acknowledge and certify that:

1.      I have read the Protective Order in *The Iron Workers Local 580 Insurance Fund*

*v. Novartis Pharmaceuticals Corp.*, No. 1:25-cv-7230 (LJL) (S.D.N.Y.), and agree to be bound

by its terms; and

2.      I agree to be subject to the jurisdiction of this Court for the sole purpose of having

the terms of the Protective Order enforced.

Date: _____        Signature: _____

Address: _____

16